IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 6461 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| JACOBI PICKETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In November 2014, Jacobi Pickett pleaded guilty to one count of obstructing, delaying, or affecting commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951. Because he was in possession of a firearm at the time he committed this robbery, Pickett also pleaded guilty to one count of using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). He was subsequently sentenced to a term of 130 months' imprisonment, which comprised 46 months of imprisonment for violation of the Hobbs Act and 84 months of imprisonment for violation of § 924(c)(1)(A).

Pickett has moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 with regard to the count under § 924(c)(1)(A). For the reasons stated herein, his motion is denied.

## Legal Standard

Section 2255 provides that a criminal defendant is entitled to relief from his conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise

open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id.* Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## Analysis

As noted above, Pickett challenges his conviction and sentence under § 924(c)(1)(A), which imposes criminal penalties upon any person who uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime" or who possesses a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). In turn, § 924(c)(3) defines a "crime of violence" as:

> [A]n offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).

Pickett contends that his conviction for possessing a firearm in connection with a Hobbs Act robbery must be vacated on the ground that Hobbs Act robbery is not a "crime of violence" under either § 924(c)(3)(A) or (B). In *Johnson v. United States*, the Supreme Court held that 18 U.S.C. § 924(e)(2)(B)(ii), the so-called residual clause of the Armed Career Criminal Act, is unconstitutionally vague under the Due Process Clause. 135 S. Ct. 2551, 2557 (2015). *Johnson* was a substantive decision that applies retroactively in cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). The Seventh Circuit has since applied *Johnson* in holding that § 924(c)(3)(B) is also unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016). As such, § 924(c)(3)(B) is off the table, and Pickett's conviction for using or carrying a firearm in connection with a Hobbs Act robbery can stand only if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)(A).

In asserting that Hobbs Act robbery does not qualify as a crime of violence, Pickett makes a compelling argument based upon the text of § 1951(b)(1). Under that provision of the Hobbs Act, robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of *actual or threatened force*, or *violence*, or *fear of injury*." 18 U.S.C. § 1951(b)(1) (emphases added). According to Pickett, because § 1951(b)(1) enumerates three alternative means of committing Hobbs Act robbery, it criminalizes conduct that falls outside the scope of § 924(c)(3)(A). In particular, Pickett contends that the phrase "actual or threatened force" under § 1951(b)(1)

3

encompasses lesser degrees of force than are contemplated under § 924(c)(3)(A), while "fear of injury" under § 1951(b)(1) encompasses fear of financial, social, or reputational injury implicating no use of force whatsoever. In addition, he argues, the fact that § 1951(b) lists "violence" in tandem with "actual or threatened force" and "fear of injury" is further evidence that the latter terms cover at least some nonviolent conduct, thus defining Hobbs Act robbery more broadly than the conduct defined under § 924(c)(3)(A).

Unfortunately for Pickett, however, his arguments are foreclosed by precedent. The Seventh Circuit recently held that Hobbs Act robbery indeed qualifies as a "crime of violence" under § 924(c)(3)(A). *United States v. Anglin*, 846 F.3d 954, 964–65 (7th Cir. 2017). Although the court in *Anglin* did not explicitly address the arguments that Pickett raises here, it reached its decision by analogy to several Seventh Circuit precedents holding that various federal and state robbery statutes similar to the Hobbs Act give rise to convictions for crimes of violence. *Id.* at 965 (citing *United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016); *United States v. Duncan*, 833 F.3d 751, 758 (7th Cir. 2016); *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005)).

In short, under the Seventh Circuit's decision in *Anglin*, Hobbs Act robbery served as a valid predicate for Pickett's conviction under § 924(c)(1)(A). *Id.* Pickett therefore is not entitled to relief from this conviction and the corresponding sentence.

4

## Conclusion

For the reasons stated herein, Pickett's motion to vacate his conviction and sentence under § 2255 [1] is denied.  The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  28 U.S.C. § 2253(c)(2); *Narvaez v. United States*, 674 F.3d 621, 626 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)).  This case is hereby terminated.

**IT IS SO ORDERED.**              ENTERED    3/31/17

*[signature: John Z. Lee]*

_____
**John Z. Lee
United States District Judge**